James A. Keller (NJ I.D. #020991996)
SAUL EWING ARNSTEIN & LEHR LLP
650 College Road East
Suite 4000
Princeton, NJ 08540-6603
(609) 452-3100

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

JANE DOE,

              Plaintiff,

    v.

PRINCETON UNIVERSITY,

              Defendants.

**No. _____**

## <u>NOTICE OF REMOVAL</u>

Defendant The Trustees of Princeton University, incorrectly named as "Princeton University" (the "University"), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.* The grounds for removal are as follows:

1. Plaintiff commenced this action against the University, by filing a civil action complaint on November 29, 2021 in the Superior Court of New Jersey, Law Division, Mercer County. That matter is captioned as **MER-L-002484-21**, and a copy of the Complaint ("Complaint") is attached to this Notice as **<u>Exhibit A</u>**.

2. The Complaint does not plead Plaintiff Doe's citizenship. However, upon information and belief, Plaintiff is a citizen of New York. The Trustees of Princeton University (incorrectly named as "Princeton University") is a New Jersey citizen. The University is a not-for-profit corporation located in Princeton, New Jersey.

3. Accordingly, the Plaintiff is a citizen of a different state than the Defendant.

4.      While the Plaintiff does not plead a specific dollar demand in the Complaint, she alleges that "she [was] sexually assaulted and raped by a fellow graduate student of Defendant Princeton," resulting in "severe emotional distress, psychological and emotional injuries/trauma, humiliation, and anguish."  Complaint, ¶ 1.  Plaintiff asserts that the University violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.  Complaint, Count One.  She seeks damages for "severe emotional distress, psychological and emotional injuries/trauma, humiliation, and anguish," attorney's fees (including "an enhancement of those fees as permitted under the law," and all pre-litigation fees), costs of suit, and punitive damages.  See, e.g., Complaint at page 12, RELIEF REQUESTED.  Read objectively, this Complaint seeks damages in excess of $75,000.

5.      As this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, this Court has original jurisdiction over the matter based on diversity of citizenship.  28 U.S.C. § 1332.

6.      Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.      Pursuant to 28 U.S.C. § 1441, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2) (emphasis added).

8.      The Complaint has not been served on the University or any other party. A copy of the docket from the state court proceedings in this matter as of the time of the filing of this Notice is attached as **Exhibit B**.

9.      As a result, the provisions of 28 U.S.C. § 1441(b)(2), commonly referred to as "the forum defendant rule," are inapplicable to the instant matter.  The University, although a New Jersey citizen, has not been "properly joined _**and served**_" in the state court action. *See* 28 U.S.C. § 1441(b)(2); Encompass Ins. Co. v. Stone Mansion Restaurant Inc., 902 F.3d 247, 153-54 (3d Cir. 2018) (holding that removal to federal court was appropriate where defendant's notice of removal was filed prior to accepting service in the state court action).

10.      This Notice of Removal is being filed within thirty (30) days of the filing of the Complaint and within one year of the commencement of the action, and therefore is also timely under 28 U.S.C. § 1446(b).

11.      A true and correct copy of this Notice will be promptly filed with the Superior Court of New Jersey, Law Division, Mercer County, pursuant to 28 U.S.C. § 1446(d).

12.      Finally, a copy of this Notice is being promptly served on Plaintiff, pursuant to 28 U.S.C. § 1446(d).

39317010.1.docx 11/30/2021

WHEREFORE, pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, Defendant The Trustees of Princeton University (incorrectly named as "Princeton University") respectfully requests that Plaintiff's civil action be removed from the Superior Court of New Jersey, Law Division, Mercer County to the United States District Court for the District of New Jersey.

Respectfully submitted,

/s/ James A. Keller
SAUL EWING ARNSTEIN
& LEHR LLP
650 College Road East
Suite 4000
Princeton, NJ 08540-6603
James.Keller@saul.com
(609) 452-3100

Dated:  November 30, 2021

-4-

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served today on the following via electronic mail and first class mail, postage prepaid, addressed as follows:

Patricia A. Barasch, Esq.
Schall & Barasch, LLC
110 Marter Avenue, Suite 105
Moorestown, NJ 08057
pbarasch@schallandbarasch.com


/s/ James A. Keller
Dated: November 30, 2021                                   James A. Keller

# EXHIBIT A

**PATRICIA A. BARASCH, ESQUIRE) (ID #024631993)**
**RICHARD M. SCHALL, ESQUIRE (ID #030301987)**
SCHALL & BARASCH, LLC
MOORESTOWN OFFICE CENTER
110 MARTER AVE., SUITE 105
MOORESTOWN, NJ 08057
(856) 914-9200
ATTORNEYS FOR PLAINTIFF
**JANE DOE**

---

|  |  |  |
|---|---|---|
| **JANE DOE,** | : | **SUPERIOR COURT OF NEW JERSEY**<br><br>**LAW DIVISION**<br>**MERCER COUNTY** |
| **Plaintiff,** | : | |
| | | **Docket No.** |
| | | **Civil Action** |
| **v.** | : | |
| **PRINCETON UNIVERSITY,** | : | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Defendant.** | | |

---

## PRELIMINARY STATEMENT

Plaintiff, Jane Doe[1], a former graduate student at Defendant Princeton University,

[hereinafter "Defendant"] brings this action against Defendant based on its failure to take

prompt and effective remedial action following Plaintiff's report to Defendant that she had been

sexually assaulted and raped by a fellow graduate student of Defendant Princeton.  By failing to

take prompt and effective remedial action following Plaintiff's report of sexual assault and rape

---

[1] Pursuant to the provisions of N.J.S.A. 2A:61B-1(f)(1), Plaintiff is proceeding under a pseudonym in this case given that it involves a matter involving claims of sexual assault and rape.

by one of Defendant's graduate students, Defendant sent Plaintiff the message that the sexual

assault and rape were acceptable, and that Defendant supported the rapist.  Defendant, through

its actions and inactions following Plaintiff's report of the sexual assault and rape, denied

Plaintiff--on account of her sex-- "the accommodations, advantages, facilities, and privileges"

provided by Defendant as a place of public accommodation and in doing so, caused Plaintiff

severe emotional distress, psychological and emotional injuries/trauma, humiliation, and

anguish.  Plaintiff now brings this Complaint under the New Jersey Law Against

Discrimination to recover for the emotional and psychological injuries/trauma that resulted

from Defendant Princeton's actions and inactions following her report of sexual assault and

rape by one of Defendant's graduate students.

## THE PARTIES

1.      Defendant Princeton University is a private Ivy League research university

located in Princeton, Mercer County, New Jersey, providing both undergraduate and graduate-

level education, and is therefore a "place of public accommodation" within the meaning of

N.J.S.A. 10:5-5(l)

2.      Plaintiff Jane Doe was enrolled as a first-year graduate student in a Ph.D.

program at Defendant Princeton during the 2010-2011 academic school year.  She is a "person"

within the meaning of N.J.S.A. 10:5-5(a).

## FACTUAL ALLEGATIONS

3.      On May 13, 2019, Governor Murphy signed S477/A3648 expanding New

Jersey's statute of limitations for sexual assault and also creating a one-time, two-year lookback

window--December 1st 2019 to November 30th 2021-- that allows sexual assault survivors to

bring civil lawsuits based on sexual assault that would otherwise be time-barred.

2

4.      In December 2010, Plaintiff was sexually assaulted and raped by John Smith[2], a second-year graduate student enrolled in the same Ph.D program as Plaintiff at Defendant Princeton University.

5.      The sexual assault and rape to which Plaintiff was subjected involved "sexual contact" and "sexual penetration" within the meaning of N.J.S.A 2A:61B-1(a)(2) and (3).

6.      At the time of Plaintiff's report to Defendant that she had been sexually assaulted and raped by a fellow graduate student, Defendant had failed to put into place a system that would provide for the full, fair and unbiased investigation of students' complaints of sexual assault by members of Defendant's community.

7.      At the time of Plaintiff's report to Defendant that she had been sexually assaulted and raped by a fellow graduate student, Defendant had failed to train its administrators and staff on the proper handling of students' complaints of sexual assault by members of Defendant's community.

8.      At the time of Plaintiff's report to Defendant that she had been sexually assaulted and raped by a fellow graduate student, Defendant had failed to properly train the staff in its Health Center on the steps that should be taken following a woman's report of rape.

9.      As a result of Defendant's failure to train its administrators and staff on the proper handling of students' reports of sexual assault and rape by members of Defendant's community,  Defendant allowed reports of sexual assault and rape to be handled by untrained and inexperienced investigators.

10.     As a result of Defendant's failure to train its administrators and staff on the proper handling of students' reports of sexual assault and rape by members of Defendant's

---

[2] Pursuant to the provisions of N.J.S.A. 2A:61B-1(f)(1), we are using a fictitious name as a pseudonym for the male graduate student whose conduct Plaintiff had reported to Defendant.

community,  Defendant allowed the adjudication of reports of sexual assault and rape to be handled by employees of Defendant who were untrained and inexperienced.

11.     At the time of Plaintiff's report to Defendant that she had been sexually assaulted and raped by a fellow graduate student, Defendant had failed to put into place rules and regulations for conducting a disciplinary hearing that would prevent questioning of the sexual assault victim regarding her past sexual history.

12.     At the time of Plaintiff's report to Defendant that she had been sexually assaulted and raped by a fellow graduate student, Defendant had failed to put into place rules and regulations for conducting hearings that were free from discrimination and victim-blaming.

13.      At the time of Plaintiff's report to Defendant that she had been sexually assaulted and raped by a fellow graduate student, Defendant had failed to apply the proper burden of proof in its disciplinary hearings, instead imposing on sexual assault victims the improper and heightened burden to prove by "clear and convincing evidence" that they had been sexually assaulted.

14.     At the time of Plaintiff's report to Defendant that she had been sexually assaulted and raped by a fellow graduate student, while allowing those accused of sexual assault to appeal Defendant's findings regarding their conduct, Defendant did not provide sexual assault victims with the same right of appeal.

15.      Plaintiff, who was in her first year of graduate studies at Princeton, initially reported that she had been sexually assaulted and raped by John Smith, a second year graduate student in the very same program as she--making that report through an on-line reporting form provided by Defendant.

16.     On December 21st, 2010, Plaintiff reported the sexual assault and rape by graduate student Smith to Joy Montero, an Associate Dean in Defendant's Graduate School. Thereafter, on January 6th, 2011, Plaintiff had a conversation with Dean Montero in which she detailed the sexual assault and rape to which she was subjected by Smith.

17.     Thereafter, on January 17th, 2011, Plaintiff filed a more formal written report.

18.     In her report, Plaintiff detailed a series of sexually aggressive conduct by John Smith leading up to his sexual assault and rape of Plaintiff over the period December 18-19 2010.

19.     On December 20th, 2010--the day after the rape--Plaintiff sought medical assistance at Defendant's University Health Center as well as assistance from Defendant's Sexual Harassment/Assault Advising, Resources and Education ["SHARE"] Center.

20.     The then-Interim Director of Defendant's SHARE Center wrongly informed Plaintiff that "rape kit evidence" would not be taken into account during Defendant's disciplinary process, and that there would therefore be no reason to retrieve and preserve that evidence. Explaining that she had little knowledge about the Defendant's disciplinary process, the then-Interim Director of Defendant's SHARE Center also referred Plaintiff to Associate Dean Montero.

21.     Plaintiff returned to the Defendant's Health Services Center on several occasions following her initial visit.  During those visits, Plaintiff was neither offered nor given a physical exam or baseline STD testing although she repeatedly inquired about the need for such testing or examination.  The providers also failed to document her injuries which included extensive and severe bruising on her neck and thighs.

5

22.     In response to Plaintiff's report that she had been sexually assaulted and raped, Defendant chose not to conduct a comprehensive fact-gathering investigation that would have led to a thorough assessment of the relevant information, including any findings as to whether the facts uncovered in the investigation supported the allegations in Plaintiff's report.

23.     At the time of Plaintiff's report to Defendant that she had been sexually assaulted and raped by a fellow graduate student, Defendant had chosen not to train its administrators and staff on the proper handling of students' reports of sexual assault and rape by members of Defendant's community.

24.     As a result of Defendant's decision not to train its administrators and staff on the proper handling of students' reports of sexual assault by members of Defendant's community, to the limited extent any "investigation" was conducted by Defendant into Plaintiff's report, it was conducted by Deans who were untrained, unqualified and inexperienced investigators.

25.     After choosing to refer Plaintiff's report of sexual assault and rape to a disciplinary hearing, Defendant allowed the hearing to be conducted in a way that was grossly inequitable.

26.     In this regard, Defendant allowed the disciplinary hearing to proceed with an enormous imbalance of power between Plaintiff and John Smith, with Smith's interests at the hearing being represented by a distinguished Princeton professor (a Nobel Prize nominee), whose role as the "advisor" to  Smith was to serve as the "prosecutor" representing Smith, while, at the same time, Plaintiff's "advisor" was a fellow graduate student.

27.     In addition, while allowing Smith to solicit written testimony from a faculty member in their Department, Defendant instructed Plaintiff not to involve departmental faculty

in the proceedings, which deprived her of critical witness testimony from faculty who were among the first people she told about the sexual assault and rape.

28.      Defendant also allowed the disciplinary hearing to be conducted in a way that allowed discriminatory bias to taint the proceedings against Plaintiff on account of her gender.

29.      In this regard, at the time of Plaintiff's report to Defendant that she had been sexually assaulted and raped by a fellow graduate student, Defendant had failed to put into place rules and regulations for conducting a disciplinary hearing that would prevent questioning of the sexual assault victim regarding her past sexual history.

30.      Thus, at the disciplinary hearing, Defendant allowed Smith's advisor to cross-examine Plaintiff with victim-blaming and gender-biased questioning that never should have been allowed.

31.      In this regard, Defendant not only allowed Smith's advisor to subject Plaintiff to the following highly improper questions, but also required that Plaintiff answer the questions despite her objections:

* Question: "I don't mean to get too personal…[tell us] how many boyfriends you've had before [John Smith]?"

* Question: "[before John Smith] how many relationships [you've had] with males. . .that involve dating, or sex?"

* Question: "You've actually had. . .a broader experience in dealing with men and what they're like than many people;

* Question: "You've had experience with this before because you said you were assaulted or abused."

* Question: "So you knew some of the signs, is that right? I mean you've studied it."

*[To which implication Plaintiff responded as follows: "If you are implying that I should have been able to anticipate that [Smith] was a*

*predator before I met him, or before getting close to him, and thus avoided all of this, No, I don't think that's founded."]*

\*     <u>Question</u>: "To my mind you knew some of the warning signs because you had direct experience. . . Not that you could predict this, but you knew about them."

\*     <u>Question</u>: "You have some knowledge of men. . . I'm just trying to get a picture of this relationship, and it just doesn't fit to me."

\*     <u>Question</u>: *[Referencing Plaintiff baking brownies for Smith]* "I still don't get it  . . . I'm old-fashioned or something. I just don't get it.  Just take aside all the statistics of acquaintance rape and date rape and things like that, do you think it would be a cue to a guy that you actually like him?"

\*     <u>Question:</u> "These sorts of relationships, you study them, they're on your mind, you had an abusive boyfriend, you know and study this cycle of, of revenge, of violence, of hate, of whatever, it's horrible in actual life, and so, and the reason I think this has some import is, is that when we look through all these events and try to pin them down and ask what's in people's minds and what happens in reality, there are a few cases where those meet, and few cases where they don't. But I just don't see, I'm still a little lost to see why you could not interpret relationships in the way that you claim very early on. **I don't know why you didn't see the signs.**" *[emphasis added] [implying it was Plaintiff's fault she didn't avoid getting raped]*

32.       As a result of Defendant's failure to train its administrators and staff on the proper handling of students' reports of sexual assault and rape by members of Defendant's community,  Defendant allowed the adjudication of Plaintiff's report of sexual assault and rape to be handled by a panel selected by Defendant--in this case several male faculty members -- who were untrained and inexperienced.

33.       Thus, as seen from the line of cross-examination quoted above, at the time of Plaintiff's report to Defendant that she had been sexually assaulted and raped by a fellow graduate student, Defendant had failed to put into place rules and regulations for conducting hearings that were free from discrimination on account of gender and victim-blaming.

34.     Moreover, at the disciplinary hearing, Defendant imposed on Plaintiff the improper and heightened burden to prove by "clear and convincing" evidence that she was sexually assaulted.

35.     Following the close of the hearing, Defendant's then-Dean of the Graduate School, William Russel, informed Plaintiff that the Hearing Panel had determined that there was insufficient evidence to substantiate the allegations against [Smith], and that it had recommended that he "be found not responsible for violating the University's sexual assault policy. . . [and that Russel had] accepted the recommendation . . . , so no disciplinary penalty will be imposed against [Smith]."

36.     At this point, while allowing Smith the right to appeal Defendant's findings regarding his conduct [in the event the hearing had determined him to have violated Defendant's policies prohibiting sexual assault], Defendant informed Plaintiff that she had no right of appeal.

37.      In light of Defendant's actions in subjecting Plaintiff to an inequitable and gender-biased proceeding administered by Deans and faculty with no training in the proper handling of reports of sexual assault and rape, and facing the prospect of remaining in the very small graduate department where she would inevitably be in the presence of Smith, Plaintiff was left with no other choice than to withdraw from graduate school at Defendant Princeton.

38.     As a result of Defendant's above-referenced actions and inactions in its handling of Plaintiff's report of sexual assault and rape by one of Defendant's graduate students, Defendant denied Plaintiff--on account of her sex--"the accommodations, advantages, facilities, and privileges" provided by Defendant as a place of public accommodation.

9

39.     As a result of Defendant's above-referenced actions and inactions in its handling of Plaintiff's report of sexual assault and rape by one of Defendant's graduate students, Defendant allowed a rape and sexual assault of one of its graduate students to go unpunished and without any consequence.

40.     By failing to take prompt and effective remedial action following Plaintiff's report of sexual assault and rape by one of Defendant's graduate students, Defendant sent Plaintiff the message that the sexual assault and rape were acceptable, and that Defendant supported the rapist.

41.     As a result of Defendant's actions and inactions, Plaintiff has experienced severe emotional distress, emotional and psychological injuries/trauma, humiliation, and anguish.

## COUNT ONE
### (Fostering and Condoning the Creation of a Sexually Hostile Public Accommodation Environment in Violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4

42.     Plaintiff repeats and realleges the preceding paragraphs as if set forth herein in their entirety.

43.     The New Jersey Law Against Discrimination provides in relevant part that "all persons shall have the opportunity to….obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation...without discrimination because of sex...This opportunity is recognized and declared to be a civil right."  See N.J.S.A 10:5-4.

44.     Defendant, through its actions and inactions following Plaintiff's report of the sexual assault and rape, denied Plaintiff--on account of her sex-- "the accommodations, advantages, facilities, and privileges" provided by Defendant as a place of public accommodation.

45.   Defendant knew or should have known that Plaintiff had been sexually assaulted and raped by a fellow graduate student member of its community.

46.   Defendant, through its actions and inactions following Plaintiff's report that she had been sexually assaulted and raped by a fellow graduate student member of its community-- set out in detail above--failed to take prompt and effective remedial action, including by failing to conduct a thorough and unbiased investigation and adjudication of Plaintiff's report that she had been subjected to sexual assault and rape by a fellow graduate student in her program.

47.   Defendant, through its actions and inactions, including subjecting Plaintiff to a gender-biased and victim-blaming proceeding, sent a clear and unequivocal message to Plaintiff that sexual assault, and even rape, would be permitted to go unpunished and unremedied on Defendant's campus.

48.   The sexual assault and rape to which Plaintiff was subjected by a fellow graduate student member in her program coupled with Defendant's failure to take prompt and effective remedial action following Plaintiff's report of that sexual assault and rape were severe or pervasive enough to make a reasonable woman believe that the conditions of her school environment were altered, and the school environment was hostile or abusive on account of her sex.

49.   The sexual assault and rape to which Plaintiff was subjected by a fellow graduate student member in her program coupled with Defendant's failure to take prompt and effective remedial action following Plaintiff's report of that sexual assault and rape were severe or pervasive enough to make a reasonable woman believe that she had no choice but to leave the graduate program at Princeton.

50.     Given that Defendant Princeton's conduct was outrageous, willful, and wanton, and given the willful indifference and actual participation by Defendant Princeton's upper management in the creation, fostering and condoning of a sexually hostile public accommodation environment to which Plaintiff was subjected, the imposition of punitive damages against Defendant Princeton is warranted.

51.     As a result of Defendant's conduct, Plaintiff has suffered severe emotional distress, psychological and emotional injuries/trauma, humiliation, and anguish.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against the Defendant and requests the following relief:

a)     Order that Defendant Princeton compensate Plaintiff for the severe emotional distress, psychological and emotional injuries/trauma, humiliation, and anguish she has suffered on account of Defendant's conduct;

b)     Order that Defendant Princeton pay punitive damages on account of its conduct towards Plaintiff;

c)     Award Plaintiff her reasonable costs and attorneys' fees incurred in the litigation of this matter, including an enhancement of those fees as permitted under the law, and further including all time incurred in the effort to resolve the matter pre-litigation; and

d)     Grant Plaintiff such other relief as the Court deems just and proper.

SCHALL & BARASCH, L.L.C.

BY: */s/Patricia A. Barasch*
 PATRICIA A. BARASCH
 RICHARD M. SCHALL
 Attorneys for Plaintiff

Dated:  November 29, 2021

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues as permitted by law.

BY: */s/Patricia A. Barasch*
PATRICIA A. BARASCH
RICHARD M. SCHALL
Attorneys for Plaintiff

Dated: November 29, 2021

## CERTIFICATION PURSUANT TO RULE 4:5-1

1.  I certify that, to my knowledge, the matter in controversy is not the subject of any

other action pending in Court nor of a pending arbitration proceeding.

2.  To my knowledge, no other action or arbitration is contemplated.

BY: */s/Patricia A. Barasch*
PATRICIA A. BARASCH
RICHARD M. SCHALL
Attorneys for Plaintiff

Dated: November 29, 2021

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Patricia Barasch is hereby designated as trial counsel in this matter.

BY: */s/Patricia A. Barasch*
PATRICIA A. BARASCH
Attorneys for Plaintiff

Dated: November 29, 2021

13

EXHIBIT B

## Case Summary

**Case Number:** MER L-002484-21

**Case Caption:** Doe Jane  Vs Princeton University

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Mercer | **Case Initiation Date:** 11/29/2021 |
| **Case Type:** Law Against Discrimination (Lad) Cases | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 3 | **Judge:** Anthony M Massi | **Team:** 8 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

**Plaintiffs**
**Jane  Doe**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Patricia Ann Barasch |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 024631993 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:** PBARASCH@SCHALLANDBARASCH.COM

**Defendants**
**Princeton University**

| | | |
|---|---|---|
| **Party Description:** Pub Entity | | **Attorney Name:** |
| **Address Line 1:** 1 Nassau Hall | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** Princeton | **State:** NJ | **Zip:** 08544 | **Phone:** |

**Attorney Email:**

**Case Actions**

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 11/29/2021 | Complaint with Jury Demand for MER-L-002484-21 submitted by BARASCH, PATRICIA ANN, SCHALL & BARASCH, LLC on behalf of JANE DOE against PRINCETON UNIVERSITY | LCV20212779644 | 11/29/2021 |
| 11/30/2021 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20212784242 | 11/30/2021 |