UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JUSTIN T. QUINN
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2144

November 19, 2024

**LETTER ORDER**

Re:   *Doe v. Princeton University*
      Civil Action No. 21-20264 (GC) (JTQ)

Dear Parties:

On November 11, 2024, Plaintiff filed a letter detailing the Parties' "discovery efforts" and "position[s] regarding case progression." ECF No. 54. In the letter, Plaintiff requested an extension of the fact and expert discovery deadlines, both of which had lapsed. Defendant opposed both requests. For the reasons discussed during the November 18, 2024 conference, which are reiterated below, the Court denies Plaintiff's request to extend fact discovery and defers ruling on extending the expert discovery deadlines until after summary judgment is adjudicated.

As to Plaintiff's request to either extend or reopen fact discovery, the Court finds that Plaintiff has failed to demonstrate the requisite diligence and good cause to justify the request. Fact discovery in this case closed on October 25, 2024 (ECF No. 43), and yet Plaintiff took no steps to notify the Court (or Defendant) before discovery closed that it would need more time to complete discovery. Plaintiff could have—and should have—done more to raise this issue in a timely manner, particularly when Plaintiff knew it would be requesting additional time.

Moreover, the Court finds that Defendant would be prejudiced by an extension at this late juncture. Defendant indicated that it strategically withheld noticing certain depositions based on Plaintiff's failure to pursue discovery. Therefore, if discovery is re-opened and Plaintiff takes additional depositions (as counsel said she would), Defendant would need to notice its own depositions. This means not only would Defendant have to prepare for and defend a Rule 30(b)(6) deposition (and any other deposition that Plaintiff notices), but it would also have to notice, prepare for, and take its own depositions. Thereafter, Defendant would have to address the need for any additional discovery that may arise during the depositions. This is a potential Pandora's box the undersigned is not willing to open at this juncture. For these reasons, Plaintiff's request for an extension of the fact discovery deadline is denied.

Additionally, the Court defers on deciding whether the expert discovery deadlines should be extended. The Parties stated that expert reports are not necessary for the purpose of briefing summary judgment. Therefore, the Parties are directed to proceed with any summary judgment motion in accordance with the

Honorable Georgette Castner, U.S.D.J.'s Judicial Preferences.  In the event the case survives summary judgment, Plaintiff may raise the expert issue.

    **SO ORDERED.**

    <u>**s/ Hon. Justin T. Quinn**</u>
    **Hon. Justin T. Quinn, U.S.M.J.**