

LINDA WONG
Member of NJ, PA, NY, VA, GA and DC Bars

lwong@wongfleming.com

January 10, 2025

**VIA ECF**
The Honorable Georgette Castner, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street
Trenton, New Jersey, 08608

**Re:** *Jane Doe v. Princeton University*, **Case No.: 3:21-cv-20264-GC-JTQ**
**Application for Leave to File Motion for Summary Judgment**

Dear Judge Castner:

This law firm, along with Crowell & Moring LLP, represents Defendant The Trustees of Princeton University ("Princeton" or "University) in the above-captioned case.[1] Pursuant to Your Honor's Motions Procedures, Section III.9 of the Pretrial Scheduling Order (ECF No. 43), and the December 30, 2024, Letter Order granting the University's and Plaintiff's joint request to amend the Pretrial Scheduling Order (ECF No. 58), the University requests leave to file a Rule 56 motion for summary judgment in its favor on Plaintiff's single claim for violation of the New Jersey Law Against Discrimination ("NJLAD"). The Court should grant this request as the undisputed facts show that summary judgment in Princeton's favor is appropriate, and resolution at summary judgment would conserve the parties' and the Court's resources.

**I.   Background**

This case stems from the University's 2010-11 response to Plaintiff's claim that a fellow Princeton graduate student sexually assaulted her. Dissatisfied with the outcome of the disciplinary proceeding Princeton undertook to address her claim, Plaintiff asserted a NJLAD hostile environment claim against the University. Plaintiff alleges that the University, "through its actions and inactions in response to Plaintiff's report of the sexual assault and rape [by a fellow graduate student], failed to take action reasonably calculated to end the sexually hostile educational environment, thereby denying Plaintiff—on account of her sex—'the accommodations, advantages, facilities, and privileges' provided by Defendant as a place of public accommodation." ECF No. 28, Am. Compl. Prelim. Statement.

---

[1] Plaintiff's Complaint is against "Princeton University." The proper party for actions involving the University, however, is "The Trustees of Princeton University."

821 ALEXANDER ROAD, SUITE 200 ♦ P.O. BOX 3663 ♦ PRINCETON, NJ 08543-3663
TEL: (609) 951-9520 ♦ FAX: (609) 951-0270
**WWW.WONGFLEMING.COM**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ INDIANA ♦ MICHIGAN
NEW JERSEY ♦ NEW YORK ♦ PENNSYLVANIA ♦ TENNESSEE ♦ TEXAS ♦ WASHINGTON
ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED



Fact discovery has concluded and the record is clear: the University's response to Plaintiff's report of sexual assault was prompt, thorough, and reasonable. Summary judgment in the University's favor on Plaintiff's NJLAD claim is thus warranted.

**II.   There is no genuine dispute that the University's response to Plaintiff's report of sexual assault was reasonable.**

To prevail on her NJLAD hostile environment claim, Plaintiff must prove: (1) "discriminatory conduct that would not have occurred 'but for' the student's protected characteristic," (2) "that a reasonable student of the same age, maturity level, and protected characteristic would consider sufficiently severe or pervasive enough to create an intimidating, hostile, or offensive school environment," and (3) "that the school district failed to reasonably address such conduct." *Thomas v. East Orange Bd. of Educ.*, 998 F. Supp. 2d 338, 348 (D.N.J. 2014). But the undisputed facts show that the third prong of that standard[2] cannot be met here because Princeton reasonably addressed Plaintiff's claim of assault by taking steps to protect her and to resolve her claim via the disciplinary process mandated by Princeton's written policies, as set forth in the University's "Rights, Rules, Responsibilities" handbook. The Court should grant the University leave to move for summary judgment so that the case can be resolved on that basis.

After production of the full disciplinary record and other evidence, the undisputed facts show that the University took prompt remedial action "reasonably calculated to end the alleged harassment[.]" *L.W. ex rel. L.G. v. Toms River Reg'l Schs. Bd. of Educ.*, 915 A.2d 535, 550 (N.J. 2007). This included providing Plaintiff counseling and medical services; promptly charging John Smith (her alleged assailant) with multiple violations of the University's sexual misconduct policy; issuing no-contact orders; collecting and considering evidence, including by interviewing other students; and holding a three-day hearing before a panel comprised of University faculty, at which both parties were represented by advisors of their choice, presented written and oral testimony, were questioned by the panel and their respective advisors, cross-examined each other via their respective advisors, and which culminated in a written decision shared with both parties—all consistent with the University's then-operative policies and procedures. New Jersey law requires no more from the University. *See Godfrey v. Princeton Theological Seminary*, 952 A.2d 1034, 1048 (N.J. 2008) (considering "whether an [institution]'s preventative measures exist and have been enforced"). While Plaintiff has complained about the University's policies and procedures in place in 2010-11, there is no genuine issue of material fact that the University responded to her claim according to those policies and procedures, which is all it was required to do. *See id.*

Plaintiff may attempt to concoct a factual dispute regarding the reasonableness of the University's response to her report of sexual assault. But it is beyond dispute that the University took the steps identified above to address Plaintiff's claims of sexual assault. In fact, Plaintiff

---

[2] Princeton may also seek summary judgment based on the undisputed facts relevant to one or both of the other two prongs of the three-part standard, but views the third prong of the standard as the most likely basis for resolution at the summary judgment stage.



even *alleges* that the University took many of these steps. *See* ECF 28, Am. Compl. ¶¶ 13, 18, 27, 33, 38 (alleging that the University provided counseling and medical services to Plaintiff, issued a no-contact order, conducted a disciplinary hearing before a panel at which the Parties had the opportunities to testify and cross-examine one another, and issued a written determination). Whether these steps constitute a "reasonable response" to Plaintiff's report of assault is ripe for resolution via summary judgment; Defendants will show that no reasonable factfinder could conclude that the University's actions were not "reasonable," as that term has been defined under New Jersey case law addressing similar hostile environment claims in similar settings. *See, e.g.*, *R.R. v. A.Y.*, No. A-1308-13T4, 2015 WL 1401035, at *8 (N.J. Super. App. Div. Mar. 30, 2015) (affirming grant of summary judgment on NJLAD hostile environment claim where, "contrary to plaintiff's contentions, [the university] took prompt remedial action to address [the harasser]'s conduct once plaintiff reported the incidents").

To the extent the Amended Complaint contains allegations that might be viewed as supporting Plaintiff's claim that aspects of the disciplinary process were not reasonable or in accordance with Princeton's written policies, discovery has disproven those allegations beyond dispute. For example, Plaintiff alleged that the University "allowed the disciplinary hearing to proceed with an enormous imbalance of power between Plaintiff and John Smith, with Smith's interests at the hearing being represented by a distinguished Princeton professor (a Nobel Prize nominee) . . . while, at the same time, Plaintiff's 'advisor' was a fellow graduate student." ECF No. 28, Am. Compl. ¶ 29. But the undisputed evidence is that the parties selected their own advisors; that Plaintiff first chose the then-Director of Princeton University's Women's Center; and that Plaintiff subsequently chose—against the University's advice—to instead be represented by a fellow graduate student with legal training. Again, the facts are beyond dispute, and the Court accordingly can resolve Plaintiff's sole hostile environment claim through summary judgment.

Plaintiff's pleadings express her disappointment with the University's disciplinary decision finding Smith not responsible for the alleged conduct. More is required for Plaintiff to sustain her claim beyond the summary judgment phase. Plaintiff must have *evidence* that a reasonable factfinder could conclude shows that the University did not reasonably address her report of sexual assault. She cannot simply rely on her continued insistence that the University wrongly resolved her claim of assault; if that were sufficient to sustain a hostile environment claim at the summary judgment stage, then every disciplinary process involving such allegations could then be brought before a court for re-processing in the guise of a hostile environment claim. The undisputed facts show that the University reasonably responded to Plaintiff's report of assault, and, as this Court has recognized, the fact that the University did not find Smith responsible cannot suffice to allow Plaintiff's claim to proceed. *See* ECF No. 37 at 16 ("[A] reasonable disciplinary process could have still resulted in the same situation that Plaintiff faced, where a panel exonerates the alleged assailant and the alleged victim must either encounter the assailant regularly or choose to leave."). The Court should grant the University leave to move for summary judgment.



### III.     Conclusion

Because Plaintiff's NJLAD claim raises no genuine issue of material fact, summary judgment is appropriate. Therefore, the University respectfully requests leave to file a motion for summary judgment.

Thank you for Your Honor's consideration in this regard.

                                                  Respectfully submitted,

                                                  */s/ Linda Wong*
                                                  Linda Wong, Esq.